ERVIN, Chief Justice
(concurring specially) :
I agreed to our opinion and judgment in this case and also to our opinion and judgment in State v. Ramos, Fla., 224 So.2d 276, opinion filed May 28, 1969, as a tentative step in ascertaining whether our appellate jurisdiction has been invoked.
I now agree to the denial of the State’s petitions for rehearing in said cases. However, I do so on the assumption the trial judge will speedily comply with the directive of this Court and enter signed written judgments or orders indicating the real basis of his dismissals of the informations involved.
I consider these cases reached the stage where it was appropriate that definitive final written judgments or orders should have been entered by the trial judge clearing up doubts as to the real basis for the dismissals of the informations as well as the resulting question concerning which appellate court should review the State’s appeals. I think it is inherently within our judicial discretion in doubtful appeal cases of this kind to ascertain the real basis of the dismissal action of a trial judge in order to be certain whether our review jurisdiction has been properly invoked. Such was the thrust of our opinions and judgments in these causes.
However, if our efforts fail in these cases to ascertain the real basis for the trial judges’s dismissals, I do not believe such failure in itself necessarily discharges the State’s appeals or precludes further action on our part.
In the event of failure, I think we can evaluate the records on appeal before us in these cases and determine whether the dismissal orders (oral or court minute entries) were the equivalent of final written judgments invoking our constitutional appellate jurisdiction or the appellate jurisdiction of another court. If it appears our appellate jurisdiction is in fact invoked, we should retain the case (or cases) and review it; if not, we should transfer the case to the proper court for appellate review. See Harrell’s Candy Kitchen v. Sarasota-Manatee (Fla.), Ill So.2d 439, and Gossett v. State (Fla.App.), 188 So.2d 836.
See also, Rule 6.3, subd. a F.A.R., 32 F.S.A., relative the taking of appeals by the State within 30 days after an adverse order against it is entered. The State should not be placed in an impossible position by this rule in respect to its right to a review. If it is apparent the trial judge within a reasonable time will enter a written order or judgment dismissing an information, the State should await the entry of such order before taking an appeal within the 30 days allowed by the rule. But if it becomes obvious, as in these cases, the trial court will do no more than orally quash or dismiss an information or direct *276 his clerk to make a minute entry to that effect, then the State should he permitted to take an appeal from such oral or minute entry, subject, however, to the authority of the appellate court with whom the appeal is lodged, to proceed if it deems it advisable, as we have done in these cases, to ascertain the real basis upon which the dismissal was entered.